**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

JOSE HUMBERTO GANDARA-CISNEROS, *on behalf of himself and all others similarly situated*,

*Plaintiffs*,

*v.*

MISSOURI VEGETABLE FARM, LLC; PROFFER WHOLESALE PRODUCE, INC.; and ROBERT PROFFER,

*Defendants*.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Civ. Action No.:

Plaintiff José Huberto Gandara-Cisneros ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys Dugan Schlozman LLC and Radford Scott LLP, as and for this Complaint, alleges as follows:

## I. Preliminary Statement

1. Defendants Missouri Vegetable Farm, LLC ("Missouri Vegetable"); Proffer Wholesale Produce, Inc. ("Proffer Produce"); and Robert Proffer (collectively, "Defendants") employed Plaintiff and other Mexican nationals who came to the United States with H-2A temporary foreign worker visas during one or more seasons from 2022 and the present.

2. Plaintiff and other H-2A visa holders ("H-2A workers") regularly worked more than forty hours per workweek. However, Defendants did not pay Plaintiff and other H-2A workers overtime premiums during those workweeks as required by the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Missouri Overtime Law ("MOL"), Mo. Rev. Stat. § 290.500, *et seq.*

3. Therefore, Plaintiff, individually and on behalf of other H-2A workers, brings this FLSA collective action and MOL class action seeking unpaid overtime premiums, liquidated damages, attorneys' fees, and costs.

## II. Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1337; and 29 U.S.C. § 216(b) (the Fair Labor Standards Act).

5. The Court has jurisdiction over Plaintiff's pendent state law claim under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claim is part of the same case or controversy as Plaintiff's federal claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

7. Defendants reside and/or do business in this district.

## III. Parties

8. Named Plaintiff José Humberto Gandara-Cisneros came to Missouri from Mexico as an H-2A worker in 2020, 2021, 2022, and 2023 to work for Defendants.

9. Mr. Gandara-Cisneros maintains his permanent residence in Mexico.

10. At all relevant times, Plaintiffs and the other H-2A workers were non-exempt employees of the Defendants within the meaning of the FLSA and the MOL.

11. Defendant Missouri Vegetable is a for-profit Missouri Limited Liability Company with its registered address at 150 Westmount Drive, Farmington, Missouri 63640, with its headquarters and principal place of business located at 920 5th Street, Park Hills, Missouri 63640, within the jurisdiction of this Court.

12. Defendant Missouri Vegetable may be served with process through its registered agent, Linus M. Barnfield, at 150 Westmount Drive, Farmington, Missouri 63640.

13. Missouri Vegetable, along with the other Defendants, employed employees who packaged fruits and vegetables from all over the world, including a majority from other unrelated agricultural entities and farms.

14. Defendant Proffer Produce is a for-profit Missouri Corporation with its registered address at 150 Westmount Drive, Farmington, Missouri 63640, with its headquarters and principal place of business located at 920 5th Street, Park Hills, Missouri 63640, within the jurisdiction of this Court.

15. Defendant Proffer Produce may be served with process through its registered agent, Linus M. Barnfield, at 150 Westmount Drive, Farmington, Missouri 36340.

16. Proffer Produce, along with the other Defendants, employed employees who packaged fruits and vegetables from all over the world, including a majority from other unrelated agricultural entities and farms.

17. Defendant Robert Proffer is an individual who resides at 502 Division Street, Park Hills, Missouri 63601, within the jurisdiction of this Court.

18. Defendant Robert Proffer has actively managed and supervised Missouri Vegetable's and Proffer Produce's operations and employees during all relevant times. Specifically, Robert Proffer hired and fired employees and decided where,

how long, and for what rates employees worked for Missouri Vegetable and Proffer Produce.

19. Robert Proffer has acted directly or indirectly in Missouri Vegetable's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

20. Defendants are an enterprise engaged in commerce or in the production of goods for commerce.

21. Upon information and belief, Defendants have a gross volume of sales made or business done of not less than $500,000 per year.

22. At all relevant times, each Defendant was an "employer" of Plaintiff and the other H-2A workers within the meaning of the FLSA and the MOL.

23. At all relevant times, Defendants were a single employer of Plaintiff and other H-2A workers in that

  a. Their operations were interrelated;
  b. They centrally controlled labor relations;
  c. They had common management; and
  d. They had common ownership.

24. At all relevant times, Plaintiffs and the other H-2A workers were "employees" of the Defendants within the meaning of the FLSA and the MOL.

25. At all relevant times, Defendants "employed" Plaintiff and other H-2A workers within the meaning of the FLSA and the MOL.

26. Plaintiff has consented in writing to become a party Plaintiff in this action for claims under the FLSA. *See* Ex. 1.

## IV. Statement of Facts

Unpaid Overtime

27. As is evident from Defendants' payroll records, Plaintiff and other H-2A workers regularly worked more than 40 hours per week. However, Defendants did not pay an overtime premium of time-and-one-half of their regular hourly pay rate for their hours above forty, with the rare exception of workweeks when Plaintiff and other H-2A workers worked at union jobsites.

28. For example, for the work week ending September 11, 2023, Plaintiff worked 44.65 hours but was not paid an overtime premium.

29. Upon information and belief, Defendants intentionally misclassified Plaintiff and other H-2A workers as agricultural workers in part to avoid paying overtime premiums.

30. The U.S. Department of Labor ("USDOL") investigated Defendants Missouri Vegetable and Robert Proffer[1] for failure to pay overtime premiums between May 1, 2021 and December 15, 2021. As a result of the USDOL investigation, these Defendants entered into a consent decree with USDOL and agreed to pay $394,159.47 in unpaid wages and liquidated damages. *See* Consent Order and Judgment [R. Doc. 8], *Su v. Missouri Vegetable Farm, LLC, et al.*, No. 4:24-cv-21 (E.D. Mo. Mar. 12, 2024). Despite the investigation, Defendants failed to pay required overtime premiums in subsequent seasons.

[1] USDOL also investigated Benji Proffer. On information and belief, Benji Proffer passed away in 2024.

## Other Allegations

31. Defendants undertook all of the actions and omissions alleged above either directly or through their agents who were authorized to undertake such actions and omissions.

32. The actions and omissions alleged above were willful in that Defendants were aware of their obligations regarding wages, showed reckless disregard for whether their conduct violated federal and state wage laws, or acted without a reasonable basis to believe their actions were in compliance with those laws.

## FLSA Collective Allegations

33. Plaintiff brings his FLSA claims on behalf of himself and those individuals who may opt into this action pursuant to 29 U.S.C. § 216(b) and who were not paid required overtime wages at Defendants' operations between February 23, 2023 and the date of preliminary approval of the opt-in class.

34. Plaintiff and other H-2A workers were subject to the same policies and practices of Defendants.

35. Common proof applicable to Plaintiff and the other H-2A workers will show that the Defendants failed to properly pay overtime wages to Plaintiff and other H-2A workers.

36. Plaintiff is currently unaware of the identities of all of the employees who would be members of the FLSA opt-in class, but this information is readily ascertainable from the Defendants' records. The Defendants therefore should be required to provide Plaintiff with a list – including last known addresses, telephone numbers,

and email addresses if known – of all individuals who were H-2A workers for Defendants between February 23, 2023 and the present.

## Rule 23 Class Allegations

37. Plaintiff brings his MOL claim on behalf of himself and a class of persons ("the Class") consisting of:

> All individuals who, between February 23, 2023 and the present, (1) received wages from any Defendant; (2) worked in a packing shed or packing sheds owned and/or operated by any Defendant; and (3) were H-2A visa holders.

38. Excluded from the Class are the legal representatives, officers, directors, assigns, and successors of Defendants; any individual who at any time during the class period has had a controlling interest in any Defendant; and all persons who submit timely and otherwise proper requests for exclusion from the Class.

### *Numerosity*

39. There are over 100 H-2A workers who would be members of the Class in this action.

40. The members of the Class are sufficiently numerous that joinder of all members is impractical.

### *Existence and Predominance of Common Questions*

41. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

42. These common questions include:

a) Whether Defendants failed to pay Plaintiff and other H-2A workers at a rate of time-and-one-half of their regular rate of pay for all hours worked over

40 in a work week, in violation the MOL;

b) Whether Defendants had a policy of failing to pay Plaintiff and the other H-2A workers as required by law; and

c) The nature and extent of class-wide injury and the measure of damages for those injuries.

*Typicality*

43. Plaintiff and members of the proposed Class have all been subject to the same unlawful practices of Defendants, and their claims arise out of these same practices.

44. Plaintiff and the proposed class members have the same statutory rights under the MOL and are all non-exempt employees within the meaning of the MOL.

45. Plaintiff and the proposed class members performed the same type of work under the same circumstances giving rise to the same claims.

46. Plaintiff and proposed class members suffered similar types of damages.

47. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was an employee who worked for the Defendants and suffered the same violations as the proposed class members.

48. Plaintiff's interests are co-extensive with the interests of the Class members; Plaintiff has no interest adverse to the Class members.

*Adequacy*

49. Plaintiff will fairly and adequately represent the interests of the class members. His interests do not conflict with the interests of the members of the Class he seeks to represent.

50. Plaintiff understands that, as Class representative, he assumes a responsibility to the class to represent its interests fairly and adequately.

51. Plaintiff has retained counsel experienced in prosecuting class actions and in employment matters. There is no reason why Plaintiff and his counsel will not vigorously pursue this matter.

*Superiority*

52. A class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

53. The damages suffered by each individual Class member may not be sufficient to justify the burden and expense, particularly in light of the transnational nature of this case, of individual prosecution of the litigation necessitated by Defendants' conduct.

54. Further, it would be difficult for members of the Class to obtain individual redress effectively for the wrongs done to them. If individual actions were to be brought by each member of the Class, the result would be a multiplicity of actions, creating hardships for members of the Class, the Court, and the Defendants.

55. The members of the Class are indigent foreign nationals and migrant workers who lack the means and resources to secure individual legal assistance, have virtually no command of the English language or familiarity with the United States legal system, and are particularly unlikely to be aware of their rights to prosecute these claims.

56. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the Court system.

57. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

58. This case does not present individualized factual or legal issues which would render a class action difficult.

59. In the alternative, the Class may be certified because: (a) the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants; (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and (c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## V. Causes of Action

### First Cause of Action
Fair Labor Standards Act
(Against All Defendants)
(Collective Action Claim)

60. Plaintiff realleges and incorporates by reference paragraphs 1-59 as if set forth fully here.

61. This count sets forth a claim by Plaintiff, and by all similarly situated workers who opt into this action pursuant to 29 U.S.C. § 216(b), for damages resulting from all Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

62. Plaintiff and the other H-2A workers regularly worked more than 40 hours in a single work week.

63. Defendants willfully failed to pay Plaintiff and the other H-2A workers an overtime premium of time-and-one-half of their regular hourly rate for every hour they worked above 40 in a work week.

64. Defendants' failure to pay an overtime premium for hours above 40 in a work week violated the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

65. Defendants were aware of their obligations under the FLSA and of the risks of noncompliance, but chose nevertheless not to pay Plaintiff and the other H-2A workers overtime compensation, in violation of the Act.

66. Defendants did not have a good-faith belief that their failure to pay Plaintiff and the other H-2A workers overtime compensation complied with the FLSA.

67. Plaintiff and the other H-2B workers are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendants' unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

68. Plaintiff and the other H-2A workers are also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

69. Plaintiff and the other H-2A workers also seek, and are entitled to, attorneys' fees incurred by their counsel, pursuant to 29 U.S.C. § 216(b).

**Second Cause of Action**
Missouri Overtime Law, Mo. Rev. Stat. § 290.500, *et seq.*
(Against All Defendants)
(Class Claim)

70. Plaintiff realleges and incorporates by reference paragraphs 1-59 as if set forth fully here.

71. This Count sets forth a claim by Plaintiff and other Class members against all Defendants for damages resulting from Defendants' violations of the Missouri Overtime Law, Mo. Rev. Stat. § 290.500, *et seq.*

72. At all times material herein, Plaintiff and other similarly situated employees – the other Class members – have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq.*

73. Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

74. Defendants are subject to the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and the Class members are employees under Mo. Rev. Stat. § 290.500(3).

75. Defendants violated Mo. Rev. Stat. § 290.505 by failing to properly pay Plaintiff and the other Class members for overtime during the time that they worked in Missouri.

76. Plaintiff and the other Class members are victims of an unlawful and entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continue to violate Mo. Rev. Stat. § 290.505.

77. Plaintiff and the other Class members are entitled to damages equal to the full amount of their unpaid overtime wages and an additional amount equal to twice the unpaid overtime premium pay as liquidated damages, within at least the three years preceding the filing of this Complaint. Mo. Rev. Stat. § 290.527.

78. Plaintiff and the other Class members also are entitled to pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VI. Request for Relief

WHEREFORE, Plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring this action to be maintainable as an FLSA collective action pursuant to 29 U.S.C. § 216, allowing Plaintiff to provide notice of this action to potential opt-in plaintiffs, and allowing those eligible H-2A workers who choose to do so to opt-in to this action;

c. certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

d. declaring that Defendants violated the FLSA and the MOL;

e. permanently enjoining Defendants from further violations of the FLSA and the MOL;

f. granting judgment to Plaintiff and other H-2A workers who opt in pursuant to 29 U.S.C. § 216(b) on their FLSA claims and awarding each of them their unpaid overtime wages plus an equal amount in liquidated damages;

g. granting judgment to Plaintiff and other H-2A workers on their MOL claim and awarding them their unpaid overtime wages and an additional amount equal to twice their unpaid overtime wages as liquidated damages;

h. Awarding Plaintiffs and H-2A workers prejudgment and post-judgment interest as allowed by law;

i. Awarding Plaintiffs and other H-2A workers their costs and reasonable attorneys' fees; and

j. Granting such further relief as the Court finds just.

DATED: Decatur, Georgia
February 23, 2026

DUGAN SCHLOZMAN LLC

*/s/ Mark Dugan*
Mark Dugan
Heather Schlozman*
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
ph: 913-322-3528
heather@duganschlozman.com
mark@duganschlozman.com

RADFORD SCOTT LLP

Daniel Werner*
Elaine Woo*
125 Clairemont Ave., Suite 380
Decatur, GA 30030
ph: (678) 271-0300
dwerner@radfordscott.com
ewoo@radfordscott.com

**Pro hac vice* application forthcoming

*Attorneys for Plaintiff*